# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# <u>WESTERN DIVISION</u>

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| **FREDDIE JAMES WARD** | ) |

## PLEA AGREEMENT

The defendant agrees to plead guilty to **COUNT ONE** of the Information filed in the above numbered and captioned matter. In exchange, the United States Attorney, acting on behalf of the Government and through the undersigned Assistant United States Attorney, agrees to recommend the disposition specified below, subject to the conditions in paragraphs **VII** and **VIII**.

## TERMS OF THE AGREEMENT

### I. MAXIMUM PUNISHMENT

The defendant understands that the maximum statutory punishment that may be imposed for the crime of giving a false statement during the purchase of a firearm, in violation of Title 18, United States Code, Section 371, as charged in COUNT ONE, is:

    a.    Imprisonment for not more than 5 years;

      b.      A fine of not more than $1,000,000; or,

      c.      Both (a and b);

      d.      Supervised release term of at least 3 years; and

      e.      Special Assessment Fee of $100.

## II. FACTUAL BASIS FOR PLEA

The Government is prepared to prove, at a minimum, the following facts at the trial of this case:

ATF Special Agent Kris Brantley received a referral from ATF's Crime Gun Intelligence Center about multiple firearms purchases from Three Factors Unlimited, Inc., doing business as Wade's Pawn Shop (hereafter Wade's Pawn Shop), at 3525 East McFarland Blvd, Tuscaloosa, Alabama. On July 20, 2019, S.G. purchased two firearms from Wade's Pawn Shop. Between November 14, 2019 and March 9, 2020, D.W. purchased at least 30 handguns from Wade's Pawn Shop.

ATF investigated the purchases and learned that S.G. and D.W. purchased the firearms for Freddie James Ward (hereafter Ward). Ward told S.G. and D.W. what firearms to purchase and paid them for making the purchases. Ward sent several photographs of firearms to D.W. by Facebook Messenger about which firearms D.W. needed to purchase. Ward admitted to sending the photographs of the firearms to D.W. and the messages were recovered by ATF. Ward also told ATF that S.G.

purchased four firearms as part of this conspiracy, two of which were purchased for Ward from Wade's Pawn Shop.

After S.G. and D.W. made the purchases, they gave the firearms to Ward and Ward would pay them for the firearms plus an additional amount for them making the purchases. Ward told ATF that the firearms were then transported to Boston, Massachusetts to be sold for better profit.

On March 11, 2020, there was a traffic stop in South Carolina where two individuals were in possession of several firearms, 14 of which were purchased by D.W. at Wade's Pawn Shop. Several of the other firearms that D.W. purchased were recovered by law enforcement in Boston, Massachusetts. On April 15, 2020, one of the firearms purchased by D.W. on November 18, 2019, at Ward's direction, was used in a homicide in Boston, Massachusetts.

SA Brantley obtained records and learned that S.G. purchased the following firearms from Wade's Pawn Shop at Ward's direction on July 20, 2019:

    a. Davis .32 caliber pistol – serial number P184409
    b. SCCY 9mm pistol – serial number 787945

SA Brantley obtained records and learned that D.W. purchased the following firearms from Wade's Pawn Shop at Ward's direction on the following dates:

1. November 14, 2019:

   a. Taurus .380 caliber pistol – serial number 1F058762
   b. SCCY 9mm pistol – serial number 716710

2. November 18, 2019:

   a. Taurus 9mm pistol – serial number TMB41870 (recovered in Boston, MA homicide case on 04/15/2020)
   b. Taurus .380 caliber pistol – serial number 1F142761
   c. Ruger .380 caliber pistol – serial number 372065272

3. November 22, 2019:

   a. Taurus .380 caliber pistol – serial number 1F153705
   b. Keltec 9mm pistol – serial number 15110
   c. Phoenix .25 caliber pistol – serial number 4553579

4. December 23, 2019:

   a. SCCY 9mm pistol – serial number 783483
   b. SCCY 9mm pistol – serial number 843814
   c. Taurus 9mm pistol – serial number TMS98423
   d. Taurus 9mm pistol – serial number TMS97816
   e. Taurus .380 caliber pistol – serial number 1F153120
   f. Taurus .380 caliber pistol – serial number 1F005466
   g. Taurus .380 caliber pistol – serial number 1F093559
   h. Taurus .380 caliber pistol – serial number 1F160628

5. March 7, 2020:

   a. Taurus .380 caliber pistol – serial number 1F168008
   b. Taurus .380 caliber pistol – serial number 1F160720
   c. Taurus .380 caliber pistol – serial number1F100002

    d. Taurus .380 caliber pistol – serial number 1F165063
    e. SCCY 9mm pistol – serial number 786189
    f. Ruger .380 caliber pistol – serial number 372229343
    g. Keltec .380 caliber pistol – serial number J0Q32
    h. Tanfoglio .380 caliber pistol – serial number P001650
    i. Keltec .32 caliber pistol – serial number D0C89

6. March 9, 2020:

    a. Taurus 9mm pistol – serial number AAL031399
    b. Springfield 9mm pistol – serial number S3908642
    c. Smith & Wesson 9mm pistol – serial number FXV9365
    d. Taurus 9mm pistol – serial number TMU07213
    e. Glock .380 caliber pistol – serial number ADAT454

**The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence. The defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the defendant and/or any co-conspirators may have committed.**

*/s/ Freddie James Ward Jr.*

**FREDDIE JAMES WARD**

### III. RECOMMENDED SENTENCE

Subject to the limitations in paragraph **VIII** regarding subsequent conduct and pursuant to Rule 11(c)(1)(B), Fed.R.Crim.P., the government will recommend the following disposition:

(a) That the defendant be awarded an appropriate reduction in offense level for acceptance of responsibility;

(b) That the defendant be remanded to the custody of the Bureau of Prisons and incarcerated for a term within the advisory United States Sentencing Guideline range, as that is determined by the court on the date that the sentence is pronounced;

(c) That following the said term of imprisonment, the defendant be placed on supervised release for a period to be determined by the court, subject to the standard conditions of supervised release as set forth in U.S.S.G § 5D1.3;

(d) That the defendant be required to pay a fine in accordance with the sentencing guidelines, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release; and

(e) That the defendant pay a special assessment fee of $100, said amount due and owing as of the date sentence is pronounced.

## IV. WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF

In consideration of the recommended disposition of this case, I, FREDDIE JAMES WARD, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the court might impose. Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255.

The defendant reserves the right to contest in an appeal or post-conviction proceeding either or both of the following:

(a) Any sentence imposed in excess of the applicable statutory maximum sentence(s);

(b) Any sentence imposed in excess of the guideline sentencing range determined by the court at the time sentence is imposed; and

(c) Any claims of ineffective assistance of counsel.

The defendant acknowledges that before giving up these rights, the defendant discussed the Federal Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction. The defendant further acknowledges and understands that the government retains its right to appeal where authorized by statute.

I, FREDDIE JAMES WARD, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

*Freddie James Ward Jr.*
**FREDDIE JAMES WARD**

## V. UNITED STATES SENTENCING GUIDELINES

Defendant's counsel has explained to the defendant, that in light of the United States Supreme Court's decision in United States v. Booker, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the court's discretion and is no longer required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and the defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI. AGREEMENT NOT BINDING ON COURT

The defendant fully and completely understands and agrees that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the government is **NOT BINDING UPON THE COURT,** and that the Court is not required to accept the government's recommendation. Further, the defendant understands that if the Court does not accept the government's recommendation, the defendant does not have the right to withdraw the guilty plea.

## VII. VOIDING OF AGREEMENT

The defendant understands that should the defendant move the Court to accept the defendant's plea of guilty in accordance with, or pursuant to, the provisions of North Carolina v. Alford, 400 U.S. 25 (1970), or tender a plea of *nolo contendere* to the charges, this agreement will become NULL and VOID. In that event, the government will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein.

## VIII. SUBSEQUENT CONDUCT

**The defendant understands that should the defendant violate any condition of pretrial release or violate any federal, state, or local law, or should the defendant say or do something that is inconsistent with acceptance of responsibility, the United States will no longer be bound by its obligation to**

**make the recommendations set forth in paragraph III of the Agreement, but instead, may make any recommendation deemed appropriate by the United States Attorney in his sole discretion.**

## IX. OTHER DISTRICTS AND JURISDICTIONS

The defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## X. AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION

As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charges and relevant conduct for any other acts. The defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors which may constitute or relate to relevant conduct. Additionally, if this agreement contains any provisions providing for the dismissal of any counts, the defendant agrees to pay any

appropriate restitution to each of the separate and proximate victims related to those counts should there be any.

## XI. TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS

Unless otherwise specified herein, the defendant understands and acknowledges that this agreement does not apply to or in any way limit any pending or prospective proceedings related to defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

## XII. DEFENDANT'S UNDERSTANDING

I have read and understand the provisions of this agreement consisting of 14 pages. I have discussed the case and my constitutional and other rights with my

lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here:

I understand that this Plea Agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

Page 12 of 14      Defendant's Initials F.W.

I have personally and voluntarily placed my initials on every page of this Agreement and have signed the signature line below to indicate that I have read, understand, and approve all of the provisions of this Agreement, both individually and as a total binding agreement.

9-15-21
DATE

*Freddie James Ward Jr.*
**FREDDIE JAMES WARD**

## XIII. COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client in detail and have advised my client of all of my client's rights and all possible defenses. My client has conveyed to me that my client understands this Agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea on the terms and conditions set forth herein.

9/20/21
DATE

JOHN COCKRELL, ESQ.
Defendant's Counsel

## XIV. GOVERNMENT'S ACKNOWLEDGMENT

I have reviewed this matter and this Agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

PRIM F. ESCALONA
United States Attorney

9-22-21
DATE

KRISTY PEOPLES
Assistant United States Attorney